J-S30044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v.                            :
:
:
:
MARQUIS RAMEY                     :
:
Appellant              :         No. 355 EDA 2023

Appeal from the PCRA Order Entered January 19, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001422-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED DECEMBER 12, 2023**

Marquis Ramey ("Ramey") appeals *pro se* from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2014, the trial court found Ramey guilty of loitering and prowling at night, possession of instruments of crime, receiving stolen property, persons not to possess a firearm, carrying a firearm without a license, and criminal conspiracy, and sentenced him to nine to twenty years in prison.  This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on August 23, 2016.  ***See Commonwealth v. Ramey***, 136 A.3d 1031 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 145 A.3d

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

725 (Pa. 2016). Ramey did not see further review in the United States Supreme Court.

Ramey filed a timely first *pro se* PCRA petition, and the PCRA court appointed counsel. Ramey filed several petitions to remove appointed counsel and, after a **Grazier** hearing,[2] he was permitted to proceed *pro se*. Ultimately, the PCRA court dismissed the petition. This Court affirmed the dismissal. **See Commonwealth v. Ramey**, 209 A.3d 1080 (Pa. Super. 2019) (unpublished memorandum). In 2019, Ramey filed a second *pro se* PCRA petition which the PCRA court dismissed. This Court affirmed the dismissal of Ramey's second PCRA petition and our Supreme Court denied allowance of appeal. **See Commonwealth v. Ramey**, 236 A.3d 1079 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 240 A.3d 874 (Pa. 2020). In May 2022, Ramey filed a *pro se* "Motion for Relief and Modify Sentence." However, before the lower court could address that motion, Ramey filed a notice of appeal. This Court quashed the appeal as interlocutory. **See Commonwealth v. Ramey**, 1473 EDA 2022 (Pa. Super. 2022).

On October 19, 2022, Ramey filed a *pro se* "Request for Question in Review" wherein he challenged the legality of his sentence for persons not to possess a firearm and claimed that his sentence for receiving stolen property was excessive. The PCRA court treated the filing as Ramey's third PCRA

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

petition.[3] The PCRA court determined that the petition was untimely and that it lacked jurisdiction to consider the petition because Ramey failed to plead or prove any exception to the PCRA's one year time bar. On this basis, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Ramey filed a response to the notice. On January 19, 2023, the PCRA court dismissed the petition. Ramey filed a timely notice of appeal.[4] Both Ramey and the PCRA court complied with Pa.R.A.P. 1925.

Ramey raises the following issues for our review:

1. Whether the sentencing court had the authority to imply [*sic*] the "mandatory minimum sentence" enhancement after being found "not guilty" of any "crime of violence[.]"[]

---

[3] Although Ramey styled his filing as "Request," the PCRA court properly treated it as a petition filed pursuant to the PCRA. **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*"); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (holding that "[n]o other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

[4] Ramey filed a timely notice of appeal in this Court on February 1, 2023, which was docketed at 355 EDA 2023. However, Ramey also filed a timely notice of appeal in the trial court on January 27, 2023, which notice was not forwarded to this Court. Upon its discovery, the prothonotary of this Court docketed the January 27, 2023 notice of appeal at 829 EDA 2023. This Court then issued a rule to show cause why the appeal at 829 EDA 2023 should not be quashed as duplicative of the appeal at 355 EDA 2023. No response was received, and the appeal at 829 EDA 2023 was dismissed as duplicative of the appeal at 355 EDA 2023.

2. Whether the PCRA court abused its discretion for not allowing [Ramey's] ineffective assistance of counsel [*sic*] to be process [*sic*] and argued.

3. Whether the sentencing court abused its discretion by not merging "person not to possess firearm" with "receiving stolen property[.]"[]

4. Also, [Ramey] seeks permission to challenge the discretionary aspects of the sentence.

Ramey's Brief at 3 (unnecessary capitalization omitted).[5]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition including a second or subsequent petition must be filed within one year of the date on which the judgment of sentence

---

[5] Notably, Ramey's second and third issues were not raised in his petition and would be deemed waived. ***See*** Pa.R.A.P. 302(a). However, given our disposition, we need not address waiver.

becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Ramey's judgment of sentence became final on November 21, 2016, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and he declined to petition the United States Supreme Court for a writ of *certiorari*. ***See*** U.S.Sup.Ct.R. 13 (stating that an appellant must file petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). Thus, Ramey had until November 21, 2017, to file a timely PCRA petition. The instant petition, filed on October 19, 2022, was filed nearly five years after the judgment of sentence became final. Therefore, the instant petition is facially untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), which provides:

**(b) Time for filing petition**.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

Our review confirms that Ramey failed to plead or prove any exception to the PCRA's one-year time bar. Consequently, the PCRA court lacked jurisdiction to consider the merits of the petition. *See id*. Accordingly, we affirm the dismissal of Ramey's third PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/12/2023